```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

MANUEL CAMPOS,

                              Plaintiffs,      06 Civ. 2466 (RWS)

     -against-                                 OPINION

THE I. GRACE COMPANY NEW ENGLAND,
LLC, I. GRACE COMPANY, THE I. GRACE
COMPANY, THE I. GRACE COMPANY
COMMISSIONED PRIVATE RESIDENCES, LLC
and THE I. GRACE COMPANY SPECIAL
PROJECTS, LLC,

                              Defendants.

------------------------------------------X


A P P E A R A N C E S:


        Attorneys for Plaintiff

        KEVIN CONCAGH, ESQ.
        225 Broadway
        New York, NY  10007


        Attorneys for Defendants

        L'ABBATE, BALKAN, COLAVITA
          & CONTINI, L.L.P.
        1001 Franklin Avenue
        Garden City, NY  11530
        By:  Christopher R. Clarke, Esq.
```

**Sweet, D.J.**

The defendants, the I. Grace Company New England, LLC, I. Grace Company, The I. Grace Company, The I. Grace Company Commissioned Private Residences, LLC and The I. Grace Company Special Projects, LLC (collectively, "I. Grace" or the "Defendants") have moved for summary judgment under Rule 56 Fed. R. Civ. P. to dismiss the complaint of plaintiff Manuel Campos ("Campos" or the "Plaintiff"). Campos has cross-moved for judgment declaring the liability of I. Grace Company for negligence. For the reasons set forth below, both motions are denied.

It is undisputed that Campos, an employee of DeSouza Painting, was seriously injured at a job site at which I. Grace was the general contractor and that at the time Campos fell backwards into a pool, he was following the directions of the I. Grace site supervisor. The determinative issue is whether or not Campos was a special employee of I. Grace at the time of his injury. As discussed below, if he was, he is barred from recovery against I. Grace. If not, he may assert his claim for the apparent negligence of I. Grace. Because a factual dispute has been presented, both motions are denied.

1

## Prior Proceedings

Campos filed his complaint on March 29, 2006 alleging his damages resulting from I. Grace's negligence. Discovery has proceeded.

The instant motions were marked fully submitted on June 20, 2007.

## The Facts

The facts are set forth in the parties' Local Rule 56.1 Statements and are not in dispute except as noted.

On June 3, 2003, Campos went to a worksite located at Haights Cross Road, Chappaqua, New York ("subject project"). When he went to the subject project, he was an employee of DeSouza Painting ("DSP") and while working for DSP his duty was to paint.

I. Grace was the construction manager and general contractor for the subject project. (Shaeffer Aff. ¶ 7.) I. Grace hired a number of subcontractors to work on the

subject project. One such subcontractor was DSP. Occasionally, I. Grace would direct employees from DSP to work under the supervision as laborers.

According to I. Grace, although DSP would initially pay employees whom I. Grace supervised, I. Grace would reimburse DSP for wages paid to the borrowed individuals for the work that they performed for I. Grace. This fact is denied by Campos and his employer, and no documents relating to such reimbursement have been adduced.

I Grace's employee, Paul Flegar ("Flegar"), was the site supervisor at the subject project on June 3, 2003. On June 3, 2003, Flegar asked one of the DSP employees to assist him as part of a regular practice according to one of the DSP employees. Joaquin DeSouza ("DeSouza") has denied that employees were borrowed.

Campos worked at the direction of Flegar in the morning clearing the inside of the house at the subject project. Flegar asked Campos to erect a mesh fence. Flegar requested that Campos unroll the mesh fence and Flegar assisted Campos to set up the fence by taking one part of the fence and having Campos take the opposite side.

3

Flegar then told Campos to back-up and unroll the fence and gave Campos a hand sign to back-up. Campos did not speak English. Campos looked at Flegar while he was moving the fence and fell into a hole adjacent to the uncompleted pool. Campos subsequently filed a Workers' Compensation claim as a result of falling at the subject project on June 3, 2003.

**The Summary Judgment Standard**

In deciding a motion for summary judgment, a court shall render judgment "forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

The moving party has the initial burden of showing that there are no material facts in dispute, Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970), and can discharge this burden by demonstrating that there is an

4

absence of evidence to support the nonmoving party's case, Celotex, 477 U.S. at 325. The nonmoving party then must come forward with "specific facts showing that there is a genuine issue for trial," Fed. R. Civ. P. 56(e), as to every element "essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

The court "must resolve all ambiguities and draw all reasonable inferences in favor of the party defending against the motion." Lopez v. S.B. Thomas, Inc., 831 F.2d 1184, 1187 (2d Cir. 1987); see also Eastway Constr. Corp. v. New York, 762 F.2d 243, 249 (2d Cir. 1985). However, the court must inquire whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If there is not, summary judgment is proper. See id. at 249-50.

**The Effect of the Workmen's Compensation Award**

Under New York law, workers' compensation is the exclusive remedy for any employee injured as a result of negligence attributable to his employer. See N.Y. Workers'

5

Comp. Law § 11. It is also well settled that this exclusive remedy extends to the "special employees" of a defendant employer. See Burlew v. Am. Mut. Ins. Co., 63 N.Y.2d 412, 416 (1984).

"A special employee is described as one who is transferred for a limited time of whatever duration to the service of another." Thompson v. Grumman Aerospace Corp., 78 N.Y.2d 553, 557 (1991) (citation omitted). "[A] general employee of one employer may be a special employee of another employer." Giordano v. Freeman Decorating Co., No. 97 Civ. 1928 (RCC), 2000 WL 323256, at *3 (S.D.N.Y. Mar. 28, 2000).

Several factors are considered when assessing whether a worker is a "special employee." These include:

> 1) the right to and degree of control by the alleged employer over the manner, details, and ultimate result of the work of the special employee; 2) the method of payment; 3) the right to discharge; 4) the furnishing of equipment; and 5) the nature and purpose of the work.

Id. at *4 (quoting Makarova v. United States, No. 97 Civ. 4748 (LAP), 1999 WL 58693, at *6 (S.D.N.Y. Feb. 5, 1999)).

6

See also Martin v. Baldwin Union Free Sch. Dist., 706 N.Y.S.2d 712, 714 (N.Y. App. Div. 2000).

While no one factor is determinative, the first factor -- i.e., the right to and degree of control by the alleged employer over the manner, details, and ultimate result of the work of the special employee -- is considered "significant and weighty." Thompson, 78 N.Y.2d at 558. As such, an employee may be considered a special employee "notwithstanding the general employer's responsibility for payment of wages and for maintaining workers' compensation and other employee benefits." Id. at 557.

When a special employment relationship exists, section 29(6) of the New York Workers' Compensation Law shields a "special employer" from an action at law by a "special employee" if the "special employee" has elected to receive workers' compensation benefits from the general employer. See N.Y. Workers' Comp. Law § 29(6); Thompson, 78 N.Y.2d at 560; Alvarez v. Cunningham Assocs., L.P., 800 N.Y.S.2d 730, 731 (N.Y. App. Div. 2005); Schramm v. Cold Spring Harbor Laboratory, 793 N.Y.S.2d 530, 531 (N.Y. App. Div. 2005).

7

## A Factual Dispute Bars Summary Judgment for I. Grace

I. Grace controlled the nature, manner, details, and ultimate result of Campos' work on June 3, 2003. According to I. Grace, DSP gave Campos to I. Grace to use for the day as a laborer. (Flegar Tr. at 30.) In the afternoon, Flegar instructed Campos to unroll a mesh fence near the pool area and gave Campos instructions how to unroll the fence.

Campos obeyed Flegar's commands because Flegar was the site manager. Based on these undisputed facts, I. Grace controlled the nature, manner, details, and ultimate result of Campos' work on June 3, 2003 and I. Grace furnished the equipment that plaintiff used on June 3, 2003.

However, at issue is the arrangement that I. Grace had with DSP for laborers that were loaned to them as a form of reimbursement to DSP. According to DeSouza, the arrangement did not exist. According to I. Grace, it did. No documents have been adduced to establish the payment practice.

Generally, the issue of whether a worker is a special employee is a question of fact. See Smith v. Kingsbrook Jewish Med. Ctr., 772 N.Y.S.2d 862, 863 (N.Y. App. Div. 2004) (citing Thompson, 78 N.Y.2d at 557).

The allegation by I. Grace that it routinely borrowed employees, and gave the general employer credit, is specifically refuted by the general employer. Summary judgment is not appropriate when the alleged special employer's exclusive control and direction have not been incontrovertibly established. See Walls v. Sano-Rubin Constr. Co., Inc., 771 N.Y.S.2d 603, 606 (N.Y. App. Div. 2004).

The presumption of continued general employment must be overcome by a clear demonstration of surrender of control by the general employer, and assumption of control by the special employer. See McGreevy v. Jameson, 752 N.Y.S.2d 412, 414 (N.Y. App. Div. 2002). In the instant case, the general employer has denied surrendering control over his employee. The I. Grace motion must be denied in light of this factual dispute.

**The Factual Dispute Bars Summary Judgment for Campos**

As the facts described above establish, there is a genuine issue of material fact as to whether Campos was I. Grace's special employee when he sustained the injuries he complains of in this matter. If it is determined that as a matter of fact the special employee relationship does not exist, Campos may recover against I. Grace.

Campos has contended in his cross-motion that he has proven his entitlement to judgment as a matter of law with respect to I. Grace's alleged violation of New York Industrial Code § 23-1.7(e)(2) and New York Labor Law § 241(6). An issue exists as to whether Campos fell in an area covered by 12 NYCRR 23-1.7(e). 12 NYCRR 23-1.7(e) applies "to specified work areas, such as floors, roofs or platforms . . . and to defined walkways, passageways or paths, not to common areas or an open yard in front of or between buildings." Bauer v. Niagara Mohawk Power Corp., 672 N.Y.S.2d 567, 569 (N.Y. App. Div. 1998). The Bauer court went on to conclude that because the area where plaintiff fell was an open area, the plaintiff's claim arising under an alleged violation of 12 NYCRR 23-1.7(e) did not support the Labor Law § 241(6) cause of action.

See id.; see also Gavigan v. Bunkoff Gen. Contractors, Inc., 669 N.Y.S.2d 69, 70 (N.Y. App. Div. 1998) (holding that 12 NYCRR 23-1.7(e)(2) does not apply to open areas); McGrath v. Lake Tree Vill. Assocs., 629 N.Y.S.2d 358, 359 (N.Y. App. Div. 1995) (12 NYCRR 23-1.7(e)(2) only applies to specified work areas, such as floors, roofs or platforms not to passageways between buildings and open areas).

Campos has conceded that the area in which he was placing the mesh fence was outside of the worksite area that appears to be limited to the house on the subject project. The mesh fence Campos unrolled was located in a pine wood a distance from the work area. According to I. Grace, there was no path leading to it from the house at the subject project.

Because it has contended that the area where Campos fell is not covered, I. Grace has contended that Campos has not proved, prima facie, his entitlement to judgment as a matter of law on his Labor Law § 241(6) claim. Because of these factual contentions, summary judgment for Campos is not appropriate at this time.

## Conclusion

Upon the facts and conclusions set forth above, the motion of I. Grace and the cross motion of Campos are denied.

It is so ordered.

New York, N.Y.
November 27, 2007

ROBERT W. SWEET
U.S.D.J.